IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL DEAN PERRY | § | |
| v. | § | CIVIL ACTION NO. 6:12cv354 |
| SHERIFF MAXEY CERLIANO, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Michael Perry, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

After review of the pleadings, the Magistrate Judge issued a Report on June 1, 2012, recommending that the lawsuit be dismissed. The Magistrate Judge noted that Perry had previously filed three lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim upon which relief could be granted. In Perry v. Cerliano, et al, civil action no. 6:01cv482, the claims against two defendants were dismissed as frivolous before the remainder of the case was dismissed with prejudice for failure to prosecute and to obey an order of the Court. The Fifth Circuit has held that a strike accrues where a portion of a case is dismissed as frivolous or malicious even though the remainder of the case is dismissed for failure to comply with a court order. Comeaux v. Cockrell, 72 Fed.Appx. 54, 2003 WL 21659432 (5th Cir., July 15, 2003), *citing* Patton v. Jefferson Correctional Center, 136 F.3d 458, 463 (5th Cir. 1998). This case was Perry's first strike.

Perry filed a motion for relief from judgment in this case, and appealed the denial of this motion. His appeal was dismissed as frivolous by the Fifth Circuit. Perry v. Cerliano, 72 Fed.Appx.

1

997, 2003 WL 21997742 (5th Cir., August 21, 2003). The dismissal of this appeal counts as Perry's second strike.

Finally, in Perry v. Shaw, et al., civil action no. 6:05cv430, Perry complained of the validity of disciplinary actions taken against him at the Bradshaw Unit, as well as the conditions of confinement at that prison unit. The district court concluded that Perry's challenges to his disciplinary actions were barred by Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) and Edwards v. Balisok, 117 S.Ct. 1584, 1587-88 (1997), applying the principles set out by the Supreme Court in Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994), and that his claims concerning the conditions of confinement were repetitive of another lawsuit which Perry had filed and should be dismissed without prejudice. The dismissal of the claims under Clarke and Balisok counts as a strike, which is Perry's third. *See* Harrell v. Mooneyham, 251 Fed.Appx. 911, 2007 WL 3132919 (5th Cir., October 24, 2007) (dismissal under Clarke and Balisok of challenges to disciplinary cases counted as a strike under 28 U.S.C. §1915(g)); *accord*, German v. Baker, 124 Fed.Appx. 257, 2005 WL 419500 (5th Cir., February 23, 2005) (dismissal of claim as barred by Heck counts as a strike); Rowe v. Hanshaw, 149 F.3d 1176, 1998 WL 413938 (5th Cir., June 17, 1998) (same).

After determining that Perry had three strikes and was thus subject to the bar imposed by 28 U.S.C. §1915(g), the Magistrate Judge reviewed Perry's pleadings and concluded that he had not paid the filing fee, nor had he shown that he was in imminent danger of serious physical injury. Accordingly, the Magistrate Judge recommended that Perry's application for leave to proceed *in forma pauperis* be denied and that Perry's lawsuit be dismissed, with leave to proceed if Perry paid the full filing fee within 30 days after entry of the final judgment.

A copy of this Report was sent to Perry at his last known address, return receipt requested, but no objections have been received; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and

adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has carefully reviewed the pleadings and documents in this case, as well as the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. *See* United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 7) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's application for leave to proceed *in forma pauperis* (docket no. 2) is hereby DENIED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $350.00 filing fee. It is further

ORDERED that should the Plaintiff pay the full filing fee within 30 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 30th day of July, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE